O’Neill, J.,
dissenting.
{¶ 15} I respectfully dissent from the majority’s decision to reconsider this case. I think we got it right the first time, and no new arguments or facts have been presented that would warrant reconsideration.
{¶ 16} Let me suggest a hypothetical to demonstrate the weakness of what I will refer to as the Supreme Court’s “blind eye doctrine.” Suppose the village of Pleasantville receives a request to place on the ballot a referendum to amend the charter of the village to require that all new zoning requests for new housing developments must contain deed restrictions limiting the number of children in such a way as to ensure that Pleasantville’s ratio of minorities to whites will never exceed the national average. The amendment clearly cannot withstand constitutional scrutiny, on its face, and the village council recognizes that fact.
{¶ 17} The village of Pleasantville, in a very raucous council session, publicly states that “we are not under any obligation to entertain craziness on the ballot.” Then, in an application for a writ of mandamus, the relators assert to the Supreme Court of Ohio, “We have always had the constitutional right to place craziness on the ballot.” The Supreme Court then grants the writ, offering the excuse that “we will visit this another day.”
{¶ 18} In order to be entitled to the extraordinary writ of mandamus, as is being requested here, relators must, as a matter of law, demonstrate a clear legal right to the remedy sought. There is no clear legal right to place an unconstitutional proposition on any ballot. I believe that there is a burden on relators in this matter that has not been met and that is why I did, and do, vote to deny the writ.
*22 Kristen L. Sours, urging denial of the motion for reconsideration for amici curiae Ohio Home Builders Association and BIA of Central Ohio.